UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
02-10261-RWZ

UNITED STATES OF AMERICA

v.

CHEPIEL SANCHEZ

# MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION FOR DETENTION

October 1, 2002

DEIN, M.J.

## I. GOVERNMENT'S MOTION FOR DETENTION

The defendant, Chepiel Sanchez, is charged in a multi-count indictment with conspiracy to distribute heroin in violation of 21 U.S.C. § 846, and nine counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). An initial appearance was held on September 13, 2002, at which time the government moved for detention on the grounds that the defendant was a danger to the community and that the defendant posed a serious risk of flight. The government sought pre-trial detention under 18 U.S.C. §§ 3142(f)(1)(C) and (f)(2)(A). A detention hearing was scheduled for September 18, 2002, but was continued at the defendant's request. Detention hearings were held on September 25 and 30, 2002, at which time the defendant was represented by counsel. For the reasons detailed herein, this court orders that the defendant be detained prior to trial.

## II. **THE BAIL REFORM ACT**

A.   Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.   The government is entitled to move for detention on grounds of danger to the community in a case that –

   (1)   involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

   (2)   involves an offense punishable by death or life imprisonment;

(3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; or

(4) involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court sua sponte may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. See 18 U.S.C. § 3142(f).

C. In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

(a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(b) the weight of the evidence against the accused;

(c) the history and characteristics of the person, including --

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. See United States v. Moss, 887 F.2d 33, 336-37 (1st Cir. 1989).

        (i)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (ii)  whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (d)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

    D.    Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions, to wit:

First, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a federal crime of violence within the meaning of § 3156(a)(4) [or a state crime of violence within the meaning of § 3156(a)(4) if the offense would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act -- e.g., possession of cocaine, heroin, or more than 1000 pounds of marijuana, with intent to distribute, the Controlled Substances Import and Export Act, or any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately above if circumstances giving rise to federal

jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later. See 18 U.S.C. § 3142(e).

Second, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act or an offense under the provisions of 18 U.S.C. § 924(c) – i.e., use of or carrying a firearm during the commission of a federal offense which is a felony. See 18 U.S.C. § 3142(e).

Insofar as the latter "presumption" is applicable in assessing "risk of flight," the burden remains with the government to establish "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight. The burden then rests on the defendant to come forward with "some evidence" indicating that these general findings are not applicable to him for whatever reason advanced. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). This "only imposes a burden of production on a defendant. The burden of persuasion remains with the government." United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987) (per curiam); see also United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988). Even when a

defendant produces "some evidence" in rebuttal, however, the presumption does not disappear. Rather, it retains some evidentiary weight, the amount of which will depend on how closely the defendant's case "resembles the congressional paradigm" and other relevant factors. Palmer-Contreras, 835 F.2d at 17-18; Dillon, 938 F.2d at 1416. See United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985).

### III. DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited. Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the safety of the community or the defendant's presence at trial.

The indictment establishes that there is probable cause to believe that the defendant committed the crime charged. Since the defendant is charged with a violation of the Controlled Substances Act (21 U.S.C. § 801 et seq.) which carries a maximum sentence of ten years or more imprisonment, the rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community applies. I assume, without deciding, that the defendant has met his burden of production in response to the presumption. Nevertheless, I find that the government has proven by clear and convincing evidence that there are no conditions or combination of conditions which will reasonably assure the safety of other persons and the community. I also find

that the government has proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure that the defendant will appear.

### A. The Offense Charged And Weight Of The Evidence

The defendant is charged with a serious drug offense, and faces a term of 40 years, with a mandatory minimum of 5 years of incarceration if convicted of the conspiracy charged, and 20 years of incarceration on each count of distribution. The case against him is based, at least in part, on controlled buys, and the evidence against him appears strong.

The government contends that the defendant Sanchez is a ranking member of a street gang in Lawrence/Haverhill known as the Immortal Outlaws. During the course of the investigation of the gang, a confidential witness ("CW") made at least nine purchases of heroin from Sanchez, including large purchases ranging in weight from 41.06 grams up to 79.0 grams. These buys are supported by surveillance reports and audio recordings. The evidence presented shows that Sanchez took the orders, arranged for delivery, supervised and packaged the drugs, and either delivered the drugs himself or arranged for delivery by others.

In addition, the evidence establishes that Sanchez has access to firearms. For example, on one occasion he showed the CW a .45 caliber semi-automatic pistol and a 9mm semi-automatic pistol which he kept at his home. Sanchez lives with his girlfriend and their young child. On another occasion, he admitted being involved in a drive-by shooting, along with his co-defendants Michael Reyes and Jason Anderson. During the execution of a State search warrant of Sanchez's residence, a handgun was found in

Sanchez's apartment, another firearm was found in the adjacent unit in the duplex, and two other firearms were found in the common basement. Sanchez, his girlfriend and their child were home at the time the search was initiated.

### B. History And Characteristics Of The Defendant

The defendant, age 25, was born on August 8, 1977 in Lawrence, Massachusetts. He attended school through the 10th grade. He obtained his GED in 1998. The defendant is single and lives with his girlfriend and their 3 month old daughter. The defendant has another child from a different relationship.

The defendant has several siblings, one of whom lives in Nebraska and one in the Dominican Republic. His mother and step-father, with whom he is close, live in Lawrence. The defendant reports only sporadic employment.

The defendant has an extensive criminal record, and has been incarcerated both in Massachusetts and in Texas. His juvenile record includes convictions for possession of a firearm. His adult record includes convictions for possession of burglarious tools, larceny of a motor vehicle, malicious destruction of property, breaking and entering with intent to commit a felony, carrying a dangerous weapon, assault and battery with a dangerous weapon, and armed assault. He was on probation at the time of the transactions charged in the instant case.

### C. Danger To The Community

The government has met its burden of proof, by clear and convincing evidence, that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community. Despite a number

of prior arrests, convictions and periods of incarceration for violent crimes, including assault and battery with a dangerous weapon and armed assault, the defendant is still engaged in illegal activities and has been found with guns. He has admitted to being involved in a drive-by shooting, and has access to a number of weapons. The defendant has been unable to conform his behavior, and poses a great risk to the community. Moreover, the court has no assurance that he would be able to comply with any conditions of release.

The defendant has suggested that he be released into the custody of his mother and step-father. Given the defendant's record, however, it does not appear to the court that they would exert sufficient influence over the defendant to control his behavior and insure compliance with any conditions of release.

### D. Risk Of Flight

Although not necessary for the court's detention decision, I also find that the record evidence before this court warrants a conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the appearance of the defendant. The prospect of a significant jail sentence provides a clear and unequivocal impetus to flee. The defendant has ties to the Dominican Republic. The defendant reports owning his home, although he has no real sources of income, raising the concern that he has assets with which to flee. Under such circumstances, the risk of flight is high.

## IV. ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

(1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

_____
Judith Gail Dein
United States Magistrate Judge