UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 02-10261-RWZ |
| ) | |
| CHEPIEL SANCHEZ    ) | |

RESENTENCING MEMORANDUM OF DEFENDANT CHEPIEL SANCHEZ

The Defendant Chepiel Sanchez ("Sanchez") submits this memorandum in aid of resentencing in light of the judgment of the Court of Appeals, entered on September 17, 2004, vacating the sentence and remanding the case to the District Court.

Prior Proceedings

On or about September 12, 2002, a Federal Grand Jury sitting in Boston returned an indictment against Sanchez alleging conspiracy to distribute heroin (more than 100 grams) (count 1), distribution of heroin (counts 2, 3, 5, 6, 7, 8, and 10) and aiding and abetting in the distribution of heroin (counts 4 and 9). On January 9, 2003, Sanchez pled guilty (without a plea agreement) to all counts of the indictment. In the plea colloquy, Sanchez admitted only his participation in a conspiracy involving the distribution of more than 100 grams of heroin and the nine substantive counts of distribution or aiding in the distribution of heroin.

At the sentencing hearing on June 13, 2003, the Court relied upon the Presentence Report and submissions from the government to increase Sanchez's Base Offense Level under the Sentencing Guidelines from Level 26 (based upon the 100-400 grams quantity of heroin to which Sanchez pled guilty) to Level 32. Included as "relevant conduct" were 439.5 grams of heroin derived from alleged "drug debts" attributed to Sanchez during

recorded conversations (Tr. 25)[1]; 19.8 grams of heroin allegedly sold to Elton Rogers in July 2001 (Tr. 25; PSR 18, 23); and 2,000 grams of heroin attributed to Sanchez for his alleged possession of $150,000.00 in November 2000, with which he allegedly intended to purchase 2 kilograms of cocaine and 2 kilograms of heroin (PSR 19, 23).[2]  The total quantity of heroin attributed to Sanchez was thus 2,684.4 grams, adding the "relevant conduct" to the quantity distributed during the conspiracy to which Sanchez pled guilty (139.1 grams) and the quantity (86.5 grams) seized from Sanchez's home (Tr. 25-26).

In addition to "relevant conduct", the Court enhanced Sanchez's sentence based upon adjustments for role in the offense (+3 levels) (U.S.S.G. § 3B1.1[b]) and possession of a gun (+2 Levels) (U.S.S.G. § 2D1.1[b][1]).  The Court also found that Sanchez was entitled to a downward adjustment for acceptance of responsibility (-3 Levels) (U.S.S.G. § 3E1.1[a] and [b]).  The total offense level was thus deemed to be 34.

With respect to Criminal History, Sanchez received 5 criminal history points for three separate convictions.  The Court added 2 points based upon the determination that "at the time of the instant offense...the Defendant was under criminal justice sentences..." (PSR at 29).  The resultant total of 7 points placed Sanchez in Criminal History Category IV.

With an offense level of 34 and a Criminal History Category of IV, the Court found the Sentencing Guideline range to be 210 to 262 months (Tr. 26).  Sanchez was sentenced to 210 months in prison.

---

[1] "Tr." refers to the Transcript of the Disposition Hearing on June 13, 2003, followed by the page reference.
[2] The Court relied upon an error in the PSR attributing the statements concerning the $150,000.00 to testimony from Juan Velasquez.  In fact, the allegation concerning Sanchez's intent to purchase 2,000 grams of heroin appeared in a written report from an unnamed confidential informant.

2

Sanchez appealed his sentence. During the pendency of the appeal, Sanchez filed a motion for remand in light of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (June 24, 2004).[3] In vacating the sentence and remanding to the District Court, the Court of Appeals noted that its "remand is without prejudice to any argument appellant may wish to advance in the district court pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004)".

Argument

According to the dictates of the Blakely case, Sanchez may only be sentenced constitutionally to a statutory maximum which is based upon facts reflected in a jury verdict or admitted by the Defendant during a plea colloquy. "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone [or Defendant's plea] does not allow, the jury has not found [nor has Defendant admitted to] all the facts 'which the law makes essential to the punishment'...[citation omitted] and the judge exceeds his proper authority". Blakely, supra at 2537. Any fact "legally essential to the punishment" must be proven beyond a reasonable doubt to a jury or admitted by the Defendant. Id. at 2543.[4]

In this case, Sanchez admitted only to the facts that placed him within a sentencing guideline range for a Base Offense Level of 26. Moreover, the court found, but Sanchez did not admit, that he was under a criminal justice sentence at the time the

---

[3] The government also requested a remand to correct the Court's reliance on an erroneous statement in the PSR. See note 2, supra.
[4] Most courts have ruled that Blakely applies to the Federal Sentencing Guidelines. See cases cited in United States v. Mueffleman, No. 01-CR10387NG at 24 n. 25 (Gertner, J.) (D. Mass July 26, 2004).

3

instant offenses were committed (PSR at 29). Sanchez's constitutionally permissible criminal history points total is thus only 5 points, not 7 and his Criminal History Category is III. ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury and proved beyond a reasonable doubt". Appendi v. New Jersey, 530 U.S. 466, 490 [2000]). Sanchez thus cannot be constitutionally sentenced in excess of the sentencing guidelines maximum ("statutory maximum") of 97 months. Where he is entitled to (and has previously received) a three point downward adjustment for acceptance of responsibility, his resultant sentencing guideline range (with "statutory maximum") is 57-71 months and he should be resentenced accordingly.[5]

     Notwithstanding the teaching of Blakely, the government argues that this Court is required "to impose consecutive sentences to achieve the total punishment in this case" (see page 10 of government's memorandum). In support of this proposition, the government cites U.S.S.G. § 5G1.2(d) which provides that "if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively...." In its circular argument, however, the government overlooks the fact that the "total punishment dictated by the Guidelines" can only be determined by application of the Blakely principles, not "based on the findings this court has already made" (Id. at page 15). The cases cited by the government, all pre Blakely, are thus inapposite to Sanchez's

---

[5] Sanchez urges this court to find that the unconstitutional portions of the Guidelines are severable from the constitutional ones. In other words, Sanchez should be resentenced according to the Guidelines, insofar, as they may be constitutionally applied to him. See United States v. Ameline, No. 02-30326 (9th Cir. 2004); United States v. Lynch, No. 03-CR-134 (N.D. OK July, 2004); United States v. Shamblin, No. 2:03-00178 (S.D. W.V. June, 2004) ; United States v. Fan Fan, No. 03-47-P-H (D. Mo. June 2004); compare, United States v. Mooney, No. 023388 (8th Cir. 2004) (not severable); United States v. Croxford I, No. 2:02-CR-00302-PGC (D. Utah 2004) (not severable); United States v. Mueffleman, supra (not severable).

4

situation. The government fails to recognize, as Judge Gertner has written, that <u>Blakely</u> "has effected nothing less than a sea change" in Federal sentencing. See <u>United States v. Mueffleman</u>, <u>supra</u> at 2.

The government alternatively argues that a "sentencing jury" should be convened to decide the facts which were utilized by the court to enhance Sanchez's "statutory maximum". This approach should not be followed because to subject Sanchez to additional jury fact finding in order to increase his sentence beyond what he pled guilty to would violate the Indictment Clause, the Double Jeopardy Clause, and/or the ex post facto component of the Due Process Clause. Facts that enhance a sentence must be treated as elements of an aggravated offense, because there is now no legal basis to support a distinction between a sentencing factor and an element. To hold Sanchez responsible for a greater (aggravated) crime would violate due process and double jeopardy principles. See <u>United States v. Zomba</u>, 2004 WL1663821 (D. Me. 2004) ("Multiple constitutional principles, including Due Process and Double Jeopardy, may have prevented the Government from now seeking to prove beyond a reasonable doubt that this Defendant can be held accountable for distributing 15.3 grams of cocaine base"); <u>United States v. Mueffleman</u>, <u>supra</u> at 2 n.1 ("By admitting facts necessary to support a conviction on the counts to which they have pled, by waiving their rights to a jury trial with respect to those charges, including their Fifth Amendment rights, and by permitting the government to get access to information through the presentence investigation to which it was not otherwise entitled, the Defendants have arguably been placed in jeopardy on those charges [citations omitted]"; <u>United States v. Kassab</u>, CR03-407-RE (D. Or. October 24, 2004) ("In this case, in order to impanel a sentencing jury on the

issue of amount of [drugs] this court necessarily would have to vacate his plea....[B]ecause initial jeopardy attached when the court accepted Defendant's guilty plea..., [and] double jeopardy would attach to a subsequent jury determination of the amount of substance involved...").

## Conclusion

For the reasons set forth hereinabove, Sanchez submits that he must be resentenced to a prison term not to exceed seventy-one (71) months.

                                        DEFENDANT
                                        By his attorney

                                        _____
                                        John F. Palmer
                                        Law Office of John F. Palmer
                                        24 School Street, 8th Floor
                                        Boston, MA 02108
                                        (617)723-7010
                                        BBO# 387980

Dated: November 9, 2004