UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.             ) | Criminal No. 02-10261-RWZ |
| ) | |
| ) | |
| **CHEPIEL SANCHEZ**      ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENT TO RE-SENTENCING MEMORANDUM

The government has just received the defendant's Supplement to his Re-sentencing Memorandum. Nothwithstanding that this matter has been scheduled for weeks, the defendant has waited to the very eve of the hearing to file a pleading that suggests (once again) that the ex post facto clause precludes the Court from sentencing the defendant to a sentence exceeding 71 months.

The government has previously addressed the issues when they were first raised post-<u>Blakely</u>. <u>See</u> Government's Supplemental Memorandum Re: Ex Post Facto and Double Jeopardy Issues (November 9, 2004) (Docket #111). Because the arguments set forth therein--that the ex post fact clause has no application to the present case, where the defendant knew from the beginning of the case that he faced a sentence of up to forty years on a single count and there has been no legislative enactment increasing that potential punishment–applies equally post-<u>Booker</u> as it did post-<u>Blakely</u>, the government relies on the points and authorities set

-1-

forth in its earlier memorandum and asseerts that the ex post facto argument is meritless.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                                          By:/s John A. Wortmann, Jr.
Dated: February 22, 2005       JOHN WORTMANN, JR.
                                              Assistant U.S. Attorney
                                              617-748-3207